# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH A. MCJUNKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-76-FHS-SPS |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Deborah A. McJunkins requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge (ALJ) erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born August 16, 1962, and was fifty years old at the time of the administrative hearing (Tr. 24). She completed the tenth grade, and has no past relevant work (Tr. 16, 130). The claimant alleges that she has been unable to work since March 1, 2011, due to back problems (Tr. 130).

### Procedural History

On July 8, 2011, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Richard J. Kallsnick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated November 16, 2012 (Tr. 10-17). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c) (Tr. 13). The ALJ then concluded that although the claimant had no past relevant work to return to, she was nevertheless not disabled because there was other work she could perform work in the regional and national economies, *i. e.*, dining room attendant, candy spreader, bagger, production line solderer, final assembler, and table worker (Tr. 16-17).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the consultative opinion of Traci L. Carney, DO, and (ii) by improperly determining she could perform the full range of medium work. Because the ALJ failed to properly analyze Dr. Carney's consultative opinion, the decision of the Commissioner should be reversed.

The ALJ found that the claimant had the severe impairment of degenerative disc disease (Tr. 12). At the administrative hearing, the claimant's representative noted that she was in an automobile accident in 1996 and suffered back problems since that time, but that they had been unable to locate the medical records associated with that incident (Tr. 21). The claimant testified that since that accident her back pain has worsened, and that her back pain radiates from her lower back, to her right shoulder and into her neck (causing muscle spasms), and also down into her legs (experiencing numbness) (Tr. 29, 39). She testified that she had recently fallen down some stairs, and that she has been in constant pain since that time, and that her postural limitations had worsened since that time (Tr. 30, 35). As to her limitations, she estimated she could comfortably stand approximately thirty minutes at a time, and that she could sit ten to fifteen minutes before needing to stand again (Tr. 32). Additionally, she stated that she cannot walk long distances, and that it takes her forty-five minutes to walk from her house on 5th Street to 7th Street, and that she had started using a cane in the past year (Tr. 32). She testified that she can carry a gallon of milk with both hands, but that it causes pain and strain in her shoulders (Tr. 35). When the vocational expert testified, she noted that the claimant

had been alternating between sitting and standing throughout the hearing (Tr. 49).

On August 27, 2011, Dr. Carney examined the claimant, noting her reports of pain including back pain, right shoulder pain, neck pain, right hip pain, and headaches (Tr. 263). Upon general exam, the claimant had zero back extension, and reduced back flexion, along with limited range of motion of the right shoulder in supination, forward elevation, and internal rotation (Tr. 167). Dr. Carney also noted that pain was elicited in all range of motions of the lower extremities (Tr. 164). She had normal grip strength and great toe strength, and could perform gross and fine tactile manipulation (Tr. 165-164). Dr. Carney assessed her with low back pain, right shoulder pain, cervicalgia, right hip pain, headaches, tobacco abuse, and elevated blood pressure (Tr. 165).

A state reviewing physician determined that the claimant could perform the full range of medium work with no postural limitations, and recited Dr. Carney's limited range of motion findings without comment (Tr. 171).

In his written opinion, the ALJ summarized the claimant's testimony and her medical records. In discussing the opinion evidence, the ALJ summarized Dr. Carney's opinion, but omitted the limited range of motion findings (Tr. 14-15). He then gave great weight to the state reviewing physician opinion, which had also been affirmed by another state reviewing physician, finding that it was consistent with the medical evidence in the record (Tr. 15). He then discounted the claimant's credibility, and adopted the finding that she could perform the full range of medium work (Tr. 15).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant

and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ recited the Dr. Carney's opinion favorably, but did not acknowledge the claimant's limited range of motion, did not provide any real analysis regarding her opinion, and further failed to disclose what weight he afforded her opinion. Nevertheless, he rejected (by failing to discuss) some of the limitations applicable to the claimant, *e. g.*, a limited range of motion of her right shoulder, but he did not provide any explanation for such rejection. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the

ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. This was a significant omission in that it calls into question the claimant's ability to perform medium work, which by definition "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," 20 C.F.R. § 416.967(c), because he failed to address the issue of possible postural and/or manipulative limitations, not to mention any lifting restrictions. "[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In any event, it was clearly error for the ALJ to reject without explanation parts of the opinion while finding other parts consistent with the RFC. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

Because the ALJ failed to properly evaluate Dr. Carney's opinion, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-

determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**